**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| James Lipinski, *on behalf of himself and all others similarly situated*, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Bluestem Brands, Inc. d/b/a Fingerhut, | **CLASS ACTION COMPLAINT** |
| Defendant. | |

Plaintiff, James Lipinski, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1. Plaintiff, James Lipinski ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Bluestem Brands, Inc. d/b/a Fingerhut ("Bluestem" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, (the "TCPA").

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3. Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $1,500.00 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is an adult individual residing in Pittsburgh, Pennsylvania.

6. Bluestem is a Delaware business entity headquartered in Eden Prairie, Minnesota.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

8. Upon information and belief, Defendant employs an ATDS which meets this definition.

9. 47 U.S.C. 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

10. On or about June 20, 22 and 23, 2012, and other dates there around, Defendant placed automated calls using an artificial or prerecorded voice to Plaintiff's cellular telephone.

11. Pursuant to the contract with his cellular service provider, Plaintiff is charged for incoming calls made to his cellular telephone.

12. Plaintiff did not provide prior express consent to receive automated calls from Defendant on his cellular telephone.

13.     Defendant's calls to Plaintiff's cellular telephone were not for emergency purposes.

## **CLASS ACTION ALLEGATIONS**

**The Class**

14.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

15.     Plaintiff's proposed Class is as follows:

> **All persons residing in the United States who received automated telephone calls from Defendant between July 20, 2008 and July 20, 2012 on a cellular telephone number in which an ATDS using an artificial or prerecorded voice was employed without such person's prior express consent.**

16.     Excluded from the Class are all officers, directors, and employees of Defendant, together with those individuals' immediate family members, and their respective legal representatives, heirs, successors and assigns, the officers, directors and employees of any parent, subsidiary or affiliate of Defendant, together with those individuals' immediate family members, Counsel for Defendant and Class Counsel and their immediate family members.

**A. Numerosity**

17.     The precise number of class members is unknown at this time and can only be discerned through discovery.  However, upon information and belief, Defendant has placed automated calls using an artificial or prerecorded voice to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impractical.

18.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**B. Common Questions of Law and Fact**

19.  There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

20.  The following questions of law and fact common to the Class are ripe for determination:

> a. Whether Defendant placed automated calls using an artificial or prerecorded voice (other than a call made for emergency purposes or with the prior express consent of the called party) to any telephone number assigned to a cellular telephone service;
>
> b. Whether Plaintiff and the Class were damaged thereby; and
>
> c. Whether Defendant should be enjoined from such conduct in the future.

21.  The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places automated calls using an artificial or prerecorded voice to telephone numbers assigned to cellular telephone services, Plaintiff and the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

**C. Typicality**

22.  Plaintiff's claims are typical of the claims of the Class since each of the claims arises from the same or a substantially similar automated telephone call.

**D. Protecting the Interests of the Class Members**

23.  Plaintiff will fairly and adequately represent Class interests.

24.  All Class claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

25. Plaintiff has retained counsel experienced in litigating class actions and consumer claims and who stands ready, willing, and able to represent the Class.

### E. Proceeding Via Class Action is Superior and Advisable

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and therefore would have no effective remedy at law.

28. The members of the Class are generally unsophisticated individuals whose rights will not be vindicated absent a class action.

29. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of both the Court and the litigants, and promotes consistency and efficiency of adjudication.

30. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.  Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

31. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the Class.

### COUNT I
### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

32. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

33. Defendant negligently placed multiple automated calls using an artificial or

prerecorded voice to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

34. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

35. As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

37. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

38. Defendant knowingly and/or willingly placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

39. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

40. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Statutory damages of $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Statutory damages of $1,500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 20, 2012

        Respectfully submitted,

        By: /s/ Jody B. Burton
        Jody B. Burton, Esq.
        Bar No.: 71681
        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        *Attorneys for Plaintiff*